J-S01027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE DASHAWN FULLER | : | |
| | : | |
| Appellant | : | No. 12 MDA 2023 |

Appeal from the PCRA Order Entered December 13, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): 2019-10973

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE DASHAWN FULLER | : | |
| | : | |
| Appellant | : | No. 521 MDA 2023 |

Appeal from the PCRA Order Entered December 13, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0000329-2020

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: APRIL 1, 2024**

In these consolidated appeals, Andre Dashawn Fuller appeals from the
order denying his "Motion to Reinstate Direct Appellate Rights Nunc Pro Tunc,
or Alternatively Motion for Post Conviction Relief."  The lower court treated

---

[*] Retired Senior Judge assigned to the Superior Court.

this as Fuller's first petition under the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. For the reasons that follow, we affirm.

The pertinent facts and procedural history are as follows: In 2019, the trial court entered a final Protection From Abuse ("PFA") order against Fuller. Thereafter, in January 2020, a complaint for Indirect Criminal Contempt ("ICC") was lodged, asserting that Fuller violated the PFA order. The trial court appointed counsel, and a hearing was held on February 13, 2020. At that time, Fuller entered a guilty plea to indirect criminal contempt and the trial court sentenced him to six months of incarceration, to be served consecutively to any sentence he was then serving. Fuller did not file a post-sentence motion or a direct appeal.

On May 3, 2022, Fuller filed the motion to reinstate his appellate rights/PCRA petition at issue. The PCRA court appointed counsel. On July 27, 2022, PCRA counsel filed a "no-merit" letter and a motion to withdraw, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In this letter, PCRA counsel asserted that, although Fuller's PCRA petition was facially untimely, Fuller asserted a "newly-discovered fact" that trial counsel at the 2020 violation hearing wrongly informed him that he could not appeal his six-month sentence until he actually began to serve it following the

completion of the sentence he was then serving.[1]  PCRA counsel found no merit to this claim because counsel believed it was belied by a review of the record.

Thereafter, Fuller filed a *pro se* motion for leave to file an amended PCRA petition, an amended petition, as well as a *pro se* response to PCRA counsel's ***Turner*/*Finley*** letter.  In these filings, Fuller asserted that PCRA counsel was ineffective for failing to raise both time-bar exceptions he wanted to raise; the "newly-discovered fact" (as raised by PCRA counsel), and the interference by government officials.  In support of this second exception, Fuller averred that, during the COVID-19 epidemic he was denied access to the prison law library.

On October 20, 2022, the PCRA court held an evidentiary hearing regarding the timeliness of Fuller's petition.  At the beginning of the proceeding, PCRA counsel stated that he was withdrawing his ***Turner*/*Finley*** letter, and was proceeding on the merits because he read Fuller's *pro se*

_____

[1] In its brief, the Commonwealth first argues that Fuller is ineligible for relief under the PCRA because he did not meet his burden of proving he is still serving his six-month sentence.  ***See*** 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii) (providing that in order to be eligible for relief pursuant to the PCRA, the petitioner must be currently serving a sentence of imprisonment, probation, or parole for the crime" or "serving a sentence that must expire before the person may commence serving the disputed sentence").  As evident from the notes of testimony from the PCRA hearing, the PCRA court was aware of this requirement and much discussion centered on whether Fuller had completed the six-month sentence.  The PCRA court did not rule on the timeliness of the PCRA petition until it heard from the Department of Corrections.  Although the certified record indicates that this issue was "resolved," the record does not indicate how.  Nonetheless, the PCRA court did not dismiss based on Fuller's ineligibility under the PCRA, and we decline to affirm on that basis.

response and believed Fuller had raised meritorious issues. PCRA counsel contended that Fuller met the governmental interference exception based on the denial of access to the prison law library. Counsel also argued Fuller met the "newly-discovered fact" exception because, once Fuller did gain library access in November 2021, he discovered that prior counsel gave him bad advice about the time for filing a post-sentence motion and/or direct appeal.

At the hearing, PCRA counsel called Fuller to testify regarding his ability to access to the law library at the various institutions where he was incarcerated. The Commonwealth then argued that Fuller did have access to the courts because he submitted several *pro se* letters, and that he did not present any testimony regarding newly-discovered facts. PCRA counsel countered by emphasizing Fuller's claim that he did not have access to the prison library until November 2021. PCRA counsel also reiterated Fuller's claim regarding the bad advice from trial counsel.

By order entered December 13, 2022, the PCRA court dismissed Fuller's petition as untimely filed. These appeals followed, which we later consolidated.[2] The PCRA court did not require Pa.R.A.P. 1925 compliance.

We first determine whether the PCRA court correctly concluded that Fuller's 2022 PCRA petition was untimely filed, and that he failed to establish

---

[2] PCRA counsel filed these appeals on Fuller's behalf and later was permitted to withdraw. The PCRA court then appointed current counsel for Fuller's appeal.

a time-bar exception.[3]   The timeliness of a post-conviction petition is jurisdictional.  ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).  Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."  ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)).  In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal

---

[3] Fuller's Brief does not contain a statement of questions involved. Nevertheless, it is clear that he challenges the PCRA court's conclusion that his petition was untimely.  ***See infra***.

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Fuller's judgment of sentence became final on March 16, 2020, thirty days after he failed to file an appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3).[4] Therefore, Fuller had until March 16, 2021, to file a timely PCRA petition. As Fuller filed the petition at issue in 2022, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

In his amended PCRA petition, which the court considered even though there is no indication that he was granted leave to file it, Fuller asserted that he met both the time-bar exceptions involving interference by government officials and newly-discovered facts. We address both.[5]

Fuller first argues that he established interference by government officials because he was denied access to the prison law library due to the COVID-19 pandemic. This Court has consistently held that pandemic-era restrictions on access to prison law libraries do not satisfy the governmental

---

[4] Because the thirtieth day fell on a Saturday, Fuller had until the following Monday to file a timely appeal. ***See generally***, 1 Pa.C.S.A. § 1908.

[5] PCRA counsel discusses only the governmental interference exception. On August 9, 2023, we received a handwritten letter from Fuller in which he states that his prior PCRA counsel also raised the newly-discovered facts exception. In his claim for relief, he asks this Court to appoint new counsel or direct current counsel to amend his brief and raises this second exception. Because we are able to address Fuller's claim regarding the newly-discovered facts exception based on the certified record, we deny his application for substitute counsel.

interference exception. ***Commonwealth v. Hyman***, 2024 WL 394628, *2 (Pa. Super. filed Feb. 2, 2024) (non-precedential decision); ***see also Commonwealth v. Miller***, 2023 WL 2489952, *6 (Pa. Super. filed Mar. 14, 2023) (non-precedential decision) (explaining "allegations of restrictions on access to law libraries or legal resources which do not completely prevent an inmate from preparing legal filings, do not satisfy the governmental interference exception'").

Moreover, our review of the record supports the PCRA court's conclusion that Fuller had access to the county prison law library, and at other times, following the imposition of his 2020 ICC violation sentence. At the PCRA hearing, the following exchanged occurred between prior PCRA counsel and the PCRA court:

> THE COURT: Here's the problem. [Fuller is] in jail since January at LCCF. He's not sentenced by me until February 13th. He sits there January, February, March, April, May. He's not transferred to [SCI] Retreat until May 17th, almost six months since he's been sitting at Luzerne County Correctional Facility. And he had a lawyer. And after his sentence, he was there for an additional three months.
>
> ***
>
> [PRIOR PCRA COUNSEL]: I know, Your Honor. But [Fuller] testified that his attorney told him she was filing the appeal, and he had to wait.
>
> THE COURT: Okay. But he had full access. There was no testimony he couldn't go to the law library there. His appellate rights expired in 30 days. He had additional months where he could have accessed the law library where there's no testimony of record that there was a constitutional violation that he did not.

- 7 -

And then [Fuller] goes to SCI Retreat. Granted, then it was his testimony that the restrictions were lifted in November. There's no other testimony of record. But then November, December - - there's another multitude of months that passes by where he did have access.

But he had - - the record is very clear. He sat at LCCF. He had counsel. [Fuller] says his lawyer said he can't file an appeal [until he actually started serving the violation sentence]. That's a credibility determination. And quite frankly, [trial counsel] appeared hundreds and hundreds of times before the [court]. And that may be the first time I've heard that allegation raised against her, and they file lots of appeals.

So regardless, there's no testimony of record that [Fuller] couldn't access the law library while he sat here for those additional months. His sentence was six months. He had access until May of [2020] based upon the testimony of record to the law library here.

N.T., 10/20/22, at 33-34. Thus, Fuller's attempt to establish the governmental exception fails.

As referenced in the above exchange, Fuller also argues that the denial of access to the prison law libraries caused him to discover only recently that trial counsel gave him bad advice about the timing in which to file an appeal. According to Fuller, this assertion establishes the "newly-discovered fact" exception to the PCRA's time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). We disagree.

Even if trial counsel allegedly gave the wrong advice about when he was able to file an appeal, Fuller's claim would be a challenge to her effectiveness. "Our Supreme Court has made clear that the section 9545(b)1)(ii) exception will not apply to alleged ineffective assistance of counsel claims, even if the claims were not knowable until advised of their existence by present counsel."

- 8 -

***Commonwealth v. Perrin***, 947 A.2d 1284, 1287 (Pa. Super. 2008) (citations omitted). The same result applies to Fuller's claim that he discovered the alleged ineffectiveness only after he gained access to the prison law library. Thus, Fuller cannot establish this exception either.

In sum, Fuller's PCRA petition is untimely, and he has failed to establish a time-bar exception. As such, both the PCRA court and this Court lack jurisdiction to consider it. ***Derrickson***, ***supra***. We therefore affirm the PCRA court's order denying him post-conviction relief.

Application for Substitute Counsel denied. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024